UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-375-FDW
(3:99-cr-24-6)

| | |
|---|---|
| WALTER H. WILLOUGHBY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (3:12-cv-375, Doc. No. 1). No response is necessary from the Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

**I.    BACKGROUND**

Petitioner was indicted for drug offenses by a grand jury sitting in the Western District. Petitioner was convicted following a jury trial, and he appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit, in a per curiam, unpublished opinion, affirmed Petitioner's conviction and sentence in their entirety. United States v. Willoughby, 41 Fed. Appx. 602 (4th Cir. 2002).

On March 10, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence. (3:04-cv-111, Doc. No. 1). The Court conducted an initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, and noted that the motion appeared to be untimely. After providing Petitioner with an opportunity to address the issue of timeliness, the Court found that the motion was indeed untimely and therefore dismissed the motion. 28 U.S.C. § 2255(f). (Doc. 3).

1

Petitioner did not note an appeal from the Court's Order of dismissal. Instead, Petitioner embarked on doomed campaign of filing motions challenging the Court's Order of dismissal. The Court finally disposed of these motions by Order filed October 10, 2007. (Doc. No. 9). Petitioner did not file an appeal from this Order.

On March 27, 2009, Petitioner filed what he termed a "Pro Se Motion for Writ of Error Audita Querela" pursuant to 28 U.S.C. § 1651. Petitioner assured the Court that this motion was not a "Motion Pursuant to Title 28 U.S.C. § 2255." (3:99-cr-24, Doc. No. 519, at 1). Unpersuaded by Petitioner's labeling of the motion, on October 15, 2009, the Court entered an Order denying Petitioner's motion and finding that the motion was a basis for filing a successive motion under Section 2255. Petitioner did not note an appeal from this Order.

On June 14, 2012, some three and a half years removed from this Order, Petitioner filed the instant, successive petition under Section 2255. (3:12-cv-375, Doc. No. 1).

**II.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

To date, Petitioner has filed one Section 2255 Motion which was dismissed as untimely. Petitioner did not appeal. Petitioner then filed what he denominated as a "non Section 2255 motion," calling his motion instead a motion pursuant to 28 U.S.C. § 1651. This effort was rejected by the Court for what it was: an effort to file a successive Section 2255 motion.

Petitioner explains that the instant motion is timely because it was filed within one-year of

the date the United States Supreme Court filed its decision in Depierre v. United States, 131 S.Ct. 2225 (2011), on June 9, 2011. (3:12-cv-375, Doc. No. 1-1 at 2). See 28 U.S.C. § 2255(f)(3) (providing a one-year statute of limitation to file a Section 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Petitioner's argument is without merit.

First, there is no indication that the Supreme Court has made Depierre retroactive to cases on collateral review. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012) (holding that "*Depierre* is not retroactively applicable to cases on collateral review"); see also United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012) (quoting Wilson v. United States, 2011 WL 6308903, at *3 (W.D. La. Nov. 29, 2011) ("*Depierre* has not been recognized or declared a retroactively applicable Supreme Court decision."). Second, Petitioner has not demonstrated to this Court that he has obtained the necessary authorization from the Fourth Circuit which could allow him to file this second Section 2255 Motion. At this time, Petitioner is barred from filing this successive § 2255 petition and it will therefore be denied and dismissed.

**IV.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion, (3:12-cv-375, Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 20, 2012

Frank D. Whitney
United States District Judge