UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-493-FDW
(3:99-cr-24-FDW-6)

| | |
|---|---|
| WALTER HAYWOOD WILLOUGHBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government.

## I. BACKGROUND

On October 26, 1999, Petitioner and others were convicted within the Western District of a drug conspiracy in violation of 21 U.S.C. § 846. In particular, the jury found that Petitioner and others possessed cocaine with intent to distribute and distribution of cocaine within 1,000 feet of a protected area such as a school or playground, in violation of 21 U.S.C. § 860. Petitioner was later sentenced to a maximum term of 30-years' imprisonment and he noted an appeal to the United States Court of Appeals for the Fourth Circuit. In an unpublished, per curiam opinion, the Fourth Circuit affirmed his conviction and sentence. United States v. Willoughby, 39 Fed. App'x 28 (4th Cir. 2002).[1] On February 24, 2003, the Supreme Court denied his petition for a writ of certiorari. Willoughby v. United States, 537 U.S. 1195 (2002).

---

[1] The Fourth Circuit denied his petition for rehearing en banc. United States v. Willoughby, 41 Fed. App'x 602 (4th Cir. 2002).

1

Next, Petitioner opened a campaign of collateral attacks on his judgment through motions filed pursuant to 28 U.S.C. § 2255. See, e.g., (Civil Case Nos. 3:04-cv-111 (§ 2255 motion dismissed as untimely); 3:99-cr-24, Doc. No. 519 (order dismissing Petitioner's "Pro se Motion for Writ of Error Audita Querela" after finding that it was, in fact, and unauthorized, successive § 2255 motion); 3:12-cv-375 (Court dismissed what it concluded was a third § 2255 motion, and a second, unauthorized § 2255 motion under § 2255(h)).

On August 29, 2013, the clerk docketed another motion from Petitioner which seeks to attack his criminal judgment. On September 3, 2013, the case was assigned to this Court. In this § 2255 motion, Petitioner contends that his Sixth Amendment right to have a jury determine issues regarding his guilt and sentence was violated because the Court impermissibly found certain facts related to the drug amount attributable to him, rather than submitting the question of drug quantity to the jury to resolve beyond a reasonable doubt.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that this Court can reach the merits of his § 2255 motion because of the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). In

Alleyne, the Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002), and held that any fact that might increase a mandatory minimum sentence must either by admitted by the defendant or found by the jury beyond a reasonable doubt.

Petitioner's argument for relief in the present case rests on the assumption that the Alleyne Court made its decision retroactive to cases on collateral review, and second, that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the date the Supreme Court decided Alleyne. This argument fails in two respects.

First, courts that have considered the retroactive nature of Alleyne have concluded that it is not. See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (finding that "Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). Justices have decided that other rules based on Apprendi do not apply retroactively to cases on collateral review.") (internal citations omitted); United States v. Condra, 2013 WL 4678165, at *2 n.4 (W.D. Va. Aug. 30, 2013) (citing Simpson, supra and noting that the Supreme Court made no declaration that its decision in Alleyne was to apply retroactively to cases on collateral review.).

Second, Petitioner's reliance on § 2255(f)(3) is misplaced. This provision relates to the timeliness of a § 2255 motion, and provides that the motion must be filed within one year of the date the Supreme Court recognizes a new right, and after that right has been "made retroactively applicable to cases on collateral review." Id. Although Petitioner did file his motion within one year from the date that Supreme Court decided Alleyne, that fact cannot serve to authorize this Court to consider the merits, if any, of Petitioner's § 2255 motion. In short, timeliness is not the issue which this Court must address when deciding whether the present motion is permissible.

As noted, Petitioner has filed three § 2255 motions which have been dismissed by this

Court. The first was dismissed as untimely and the second two motions were dismissed as unauthorized, successive motions pursuant to § 2255(h).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured this necessary authorization from the Fourth Circuit, therefore this Court is without jurisdiction to consider the merits of a successive petition under Section 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, Petitioner's Section 2255 motion is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

      The Clerk of Court is respectfully directed to close this civil case.

Signed: September 17, 2013

Frank D. Whitney
Chief United States District Judge